UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
SIDIKI WEAY,

                Petitioner,

      -against-

UNITED STATES PROBATION
DEPARTMENT, MONIQUE G. HAWKINS,
U.S. PROBATION OFFICER,

                Defendants.
-------------------------------------------------x

MEMORANDUM AND ORDER
97 CR 413-03 (ILG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 5 2005 ★

P.M. _____
TIME A.M. _____

GLASSER, United States District Judge:

The petitioner has moved this Court for an order that would direct the withdrawal of a detainer/warrant and dismiss the pending violation of supervised release charges.

## Background

On October 24, 1997, the petitioner was sentenced to a three month term of imprisonment to be followed by three years of supervised release following his conviction for transporting stolen motor vehicles in interstate and foreign commerce in violation of 18 U.S.C. § 2312. His term of supervised release commenced on December 19, 1997, and was to terminate on December 18, 2000.

On June 22, 1998, a warrant was issued for the petitioner's arrest based upon charges that he violated the terms of supervised release by his plea of guilty to new criminal activity and failure to pay restitution as ordered.

A third charge of violating supervised release was filed on July 2, 1998, after the Office of Probation was informed that he was wanted for questioning by the New York City Police Department in connection with the murder of David Blackman. The

petitioner voluntarily surrendered himself to New York City detectives on June 22, 1998, and subsequently arraigned and charged with murder in the second degree and remanded to the custody of the New York City Department of Corrections. He was later convicted of murder with depraved indifference, and on July 30, 2001, was sentenced to a term of 22 years to life which he is presently serving in state custody.

The petitioner asserts that he is being deprived of his constitutional rights of due process and equal protection in that he was entitled to a speedy violation of supervised release hearing, the right to confront witnesses and be heard.

## Discussion

18 U.S.C. § 3583(i) provides in relevant part that "The power of the court to revoke a term of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." It follows, therefore, that the issuance of the warrant based upon an allegation of his violation of supervised release before its expiration effectively tolled the expiration of its term.

18 U.S.C. § 3565(c) provides in part that "The power of the court to revoke a sentence of probation for violation of a condition of probation and to impose another sentence, extends beyond the expiration of the term of probation . . . ." In Carchman v. Nash, 473 U.S. 716 (1985), the Court held that a prisoner subject to a violation detainer does not have a constitutional right to a speedy revocation hearing. Although § 3565(c) and Carchman address probation violations, the Court can discern no principled reason for distinguishing probation from supervised release and for the application of the rules pertaining to probation differently as regards supervised release. Deferring execution of

the detainer/warrant and the revocation proceeding until the petitioner has served the intervening state sentence is not unreasonable. See Moody v. Dagget, 429 U.S. 78 (1976).

For the foregoing reasons, his motion is denied.

SO ORDERED.

Dated:     Brooklyn, New York
           September 6, 2005

                                              I. Leo Glasser

Copies sent to:

Sidiki Weay
George V. Doerrbecker, Deputy Chief USPO
Daniel Alonso, Assistant U.S. Attorney